<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHELLE PEAVY,**<br><br>*Plaintiff*,<br><br>v.<br><br>**U.S. BANK TRUST, N.A., et al.,**<br><br>*Defendants.* | **Civil Action No. 15-6001**<br><br>**OPINION** |

This matter comes before the Court by way of Defendants U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust ("U.S. Bank Trust") and Caliber Home Loans, Inc.'s (collectively, "Defendants") motion to dismiss. Dkt. No. 5. <u>Pro se</u> Plaintiff Michelle Peavy ("Plaintiff") opposes the motion. Dkt. No. 8. The motion was decided on the papers pursuant to Fed. R. Civ. P. 78. For the reasons stated below, Defendants' motion is **GRANTED**.

**I.   BACKGROUND**

On September 12, 2006, Plaintiff obtained a loan of $288,063.81 from Beneficial New Jersey Inc. d/b/a Beneficial Mortgage Co. ("Beneficial"), which was secured by a mortgage (the "Mortgage") from Plaintiff and her husband on property located at 217 Pearsall Avenue, Jersey City, New Jersey 07305 (the "Property"). Parlapiano Cert. Ex. A, Dkt. No. 5-2.[1] On October 5, 2006, the Mortgage was publicly recorded in the Office of the Hudson County Clerk. <u>Id.</u>

---

[1] In deciding a factual challenge under Rule 12(b)(1), the "court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." <u>Nationwide Mut. Ins. Co. v. Caris</u>, No. 14-5330, 2015 U.S. Dist. LEXIS 65459, at *7 (D.N.J. May 19, 2015) (quoting <u>Gould Elecs., Inc. v. United States</u>, 220 F.3d 169, 176 (3d Cir. 2000)). In addition, the Court may take judicial notice of the state court case. See <u>DiPietro v. Landis Title Co.</u>, No. 11-5110, 2012 WL 2116404, at *1 n.3 (D.N.J. June 11, 2012) (citing <u>McTernan v. City of York</u>, 577 F.3d 521, 526 (3d Cir. 2009)).

On July 24, 2014, Beneficial assigned the Mortgage to LSF8 Master Participation Trust ("LSF8"). Id. Ex. B. On August 4, 2014, the assignment was publicly recorded in the Office of the Hudson County Clerk. Id.

On November 18, 2014, due to Plaintiff's failure to pay the Mortgage, LSF8 filed a foreclosure complaint against her and her husband in the Superior Court of New Jersey, Chancery Division, Hudson County. Id. Ex. C. On January 8, 2015, Plaintiff filed an answer. Id. Ex. D. On August 4, 2015, the case proceeded to trial, and the state court ruled in favor of LSF8. Id. ¶ 6. On September 29, 2015, the court entered an order striking Plaintiff's answer and returning the matter to the Office of Foreclosure. Id. Ex. E. As of December 17, 2015, the state foreclosure action was still pending before the Office of Foreclosure. Id. ¶ 8.

On August 3, 2015, one day before the start of Plaintiff's state court foreclosure trial, Plaintiff filed the instant complaint with this Court. Compl., Dkt. No. 1. It alleges that Defendants (1) attempted collecting Plaintiff's debt in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., Compl. ¶¶ 15-21; and (2) misrepresented the "character and amount of the alleged debt" in violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-1 et seq., and the "New Jersey Fair Debt Collection Practices Act,"[2] Compl. ¶¶ 22-29. On December 17, 2015, Defendants moved to dismiss under the Colorado River abstention doctrine, the New Jersey Entire Controversy Doctrine, and for failure to state a claim upon which relief can be granted. Dkt. No. 5. Plaintiff opposed the motion, arguing, inter alia, that the Complaint "has very little to do with attacking a foreclosure."[3] Pl.'s Opp'n Br. at 8, Dkt. No. 8.

---

[2] There is no statute or cause of action for the New Jersey Fair Debt Collection Practices Act. Plaintiff's only citation to such an act points to Title 4 of the New Jersey Revised Statutes, which governs agriculture and domestic animals. See Compl. Ex. C. This claim therefore fails.
[3] Plaintiff's opposition brief fails to address any of the arguments advanced by Defendants' motion to dismiss, and is largely unintelligible beyond its conclusory reiterations that Defendants violated the FDCPA and that "Defendants has [sic] complained of no procedure [sic] defects in Plaintiff's

2

Plaintiff also argues that Defendants' motion to dismiss should be denied as an "unverified, hearsay general response." Id. at 1.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(1), a party may seek dismissal of an action because the court lacks subject matter jurisdiction. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Rule 12(b)(1) motions may be facial or factual in nature. "In a facial attack, a defendant argues that the plaintiff did not properly plead jurisdiction, . . . [whereas] a 'factual' attack asserts that jurisdiction is lacking on the basis of facts outside of the pleadings." Smolow v. Hafer, 353 F. Supp. 2d 561, 566 (E.D. Pa.2005) (citing Mortensen, 549 F.2d at 891).

When, as here, subject matter jurisdiction is challenged under Fed. R. Civ. P. 12(b)(1), the plaintiff has the burden to show that the Court has the requisite jurisdiction to hear the case. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). The district court "may not presume the truthfulness of plaintiff's allegations, but rather must evaluat[e] for itself the merits of [the] jurisdictional claims." Id. (internal citation omitted).

Because Plaintiff is proceeding pro se, the Court construes the pleadings liberally and holds her to a less stringent standard than those filed by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the "Court need not . . . credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" D'Agostino v. CECOM RDEC, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010). The Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." Baraka v. McGreevey, 481 F.3d 187, 211 (3d Cir. 2007). Legal conclusions couched as factual allegations and "threadbare recitals

---

filing of this suit, as they were served properly and in accordance with Rule §4, [sic] FRCP. Defendant 'US BANK and CALIBER" has not claimed any defense(s) enumerated in FRCP § 12b (1)(2)(3)(4)(5)(7)." Pl.'s Opp'n Br. at 2.

3

of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice" to prevent a motion to dismiss. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

### III. ANALYSIS

Defendants argue that the Court should abstain from adjudicating this matter pursuant to Colorado River and dismiss the action. "This district has repeatedly invoked Colorado River to abstain from hearing what amount to collateral attacks on pending state foreclosure actions." Dickerson v. Wells Fargo Bank, No. 15-3747, 2016 WL 820989, at *3 (D.N.J. March 2, 2016) (citing Ruffolo v. HSBC Bank USA, N.A., No. 14-638, 2014 WL 4979699 (D.N.J. Oct. 3, 2014)); DiPietro v. Landis Title Co., No. 11-5110, 2012 WL 2116404 (D.N.J. June 11, 2012); St. Clair v. Wertzberger, 637 F. Supp. 2d 251 (D.N.J. 2009). Abstention is appropriate in this case too.

The Colorado River doctrine allows a federal court to abstain, either by staying or dismissing a pending federal action, when there is a parallel ongoing state court proceeding. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817-18 (1976). The doctrine is to be narrowly applied in light of the general principle that "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996). Whether abstention is appropriate is a two-part inquiry. The initial question is whether there is a parallel state proceeding that raises "substantially identical claims, raising nearly identical allegations and issues." Timoney v. Upper Merion Twp., 66 F. App'x 403, 405 (3d Cir. 2003) (internal quotation marks and citation omitted). If the proceedings are parallel, courts then look to a multi-factor test to determine whether "exceptional circumstances" merit abstention. Id.

In determining whether an action presents "extraordinary circumstances" the Court considers six factors: "(1) which court first assumed jurisdiction over a relevant res, if any; (2)

4

whether the federal court is inconvenient; (3) whether abstention would aid in avoiding piecemeal litigation; (4) which court first obtained jurisdiction; (5) whether federal or state law applies; and (6) whether the state action is sufficient to protect the federal plaintiff's rights." St. Clair, 637 F. Supp. 2d at 255 (citing Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 890 (3d Cir. 1997)). "No one factor is determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." Colorado River, 424 U.S. at 818-19.

### A. The Proceedings Are Parallel

The federal and state proceedings in this case are parallel. The parties, claims, and underlying factual issues are "substantially identical." Timoney, 66 F. App'x at 405; see also Tyrer v. City of S. Beloit, Ill., 456 F.3d 744, 752 (7th Cir. 2006) ("Generally, a suit is parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum.") (internal quotattreation marks and citation omitted). Plaintiff's federal complaint alleges that Defendants initiated "a foreclosure action in an attempt to collect a debt" in violation of the FDCPA and NJCFA.[4] Compl. ¶ 3. Plaintiff essentially argues that the foreclosure was illegal because LSF8 failed to (1) "provide Plaintiffs with the amount of the debt," (2) "provide Plaintiffs with name of the creditor," and (3) "cease all collection activity until the debt collector obtains verification of the alleged debt." Id. ¶ 29. In comparison, the pending state action arises from an identical factual background—LSF8's foreclosure against Plaintiff's property—and involves essentially identical parties.[5] In addition, it involves the same legal theories present in

---

[4] Plaintiff also alleges violation of the "New Jersey Fair Debt Collection Practices Act," which does not exist.

[5] While the parties, on the face of the Complaint, are not identical, for all intents and purposes of the state court action and this action they are. U.S. Bank Trust, N.A. acts as trustee for the trust, LSF8, which is the owner of the subject note and Mortgage. Mot. to Dismiss at 6 n.7; Parlapiano Cert. Ex. C. Caliber is the servicer on behalf of LSF8. Id.

the federal complaint. For example, Plaintiff responded to the state foreclosure action by serving LSF8 with a "'Consumer Notice for Validation of Debt' pursuant to 15 U.S.C. § 1692," id. ¶ 10, which states "Michele Peavy and Walter Peavy, pursuant to 15 U.S.C. § 1692g, Fair Debt Collection Practices Act (FDCPA) and New Jersey Fair Debt Collection Practices Act (N.J.S.A. 4-18-1 et seq.) hereby disputes the alleged debt Plaintiff [LSF8] claims in the above titled matter," id. Ex. C, Dkt. No. 1-2. The legal theories Plaintiff raises in the state action are identical to those advanced in her federal complaint. Indeed, in opposing the instant motion to dismiss Plaintiff states that she "believes no foreclosure action was proper . . . ." Pl.'s Opp'n Br. at 6 (emphasis added).

In sum, the actions are parallel under the Colorado River doctrine because they involve substantially identical parties, are principally concerned with whether Defendants are entitled to foreclose on Plaintiff's property, and raise nearly identical legal issues.

### B. Exceptional Circumstances Merit Abstention

Proceeding to the six-factor balancing test, the Court finds that exceptional circumstances warrant abstention.

First, the Court considers which court first assumed jurisdiction over the relevant res. Here, the state court obtained jurisdiction over Plaintiff's property first, and "the presence of an in rem dispute in the state court action weighs in favor of abstention." BIL Mgmt. Corp. v. New Jersey Econ. Dev. Auth., 310 F. App'x 490, 492 (3d Cir. 2008) (citations omitted). Second, the Court determines whether the federal court is inconvenient. The two fora here are equally convenient. See id. (citation omitted). Third, the Court considers whether abstention would aid in avoiding piecemeal litigation. The "avoidance of piecemeal litigation is desirable," id., but "there must be a strongly articulated congressional policy against piecemeal litigation in the specific context of the case under review." Beals v. Bank of Am., N.A., No. 10-5427, 2011 WL 5415174, at *7

6

(D.N.J. Nov. 4, 2011) (quoting Ryan v. Johnson, 115 F.3d 193, 198 (3d Cir. 1997)). Defendants have not identified any such relevant congressional policy. See id. However, the state court has already stricken Plaintiff's answer and ordered the matter returned to the Office of Foreclosure to proceed as uncontested. See Parlapiano Cert. Ex. E. If this Court were to find that Defendants violated the FDCPA or NJCFA, it would "throw into turmoil the parties' rights and obligations over plaintiff's home and mortgage, as well as the comity between courts." St. Clair, 637 F. Supp. 2d at 255. Abstention is favored where it avoids "unnecessarily caus[ing] havoc with the rulings of the state court." Id. Fourth, the Court considers which court obtained jurisdiction first. The state court obtained jurisdiction first, the case already proceeded to trial, and the case has been returned to the Office of Foreclosure. See Parlapiano Cert. ¶¶ 6-7, Ex. E; see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 21 (1983) (stating that the jurisdictional order analysis "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions"). Fifth, the Court looks to whether state or federal law applies. Here, the action is for violation of the FDCPA and NJCFA, so both federal and state law will apply. Finally, the Court determines whether the state action is sufficient to protect Plaintiff's rights. The Court finds that "the state court is an adequate forum to review Plaintiff's federal claims" and state claims. Ruffolo, 2014 WL 4979699, at *4 (abstaining from hearing Plaintiff's FDCPA claim, among others, in foreclosure action).

Balancing all the factors, the Court finds abstention is warranted in this case. Accordingly, Plaintiff's case is dismissed without prejudice.[6]

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss, Dkt. No. 5, is **GRANTED.** An appropriate order accompanies this opinion.

Date: June 30, 2016

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

---

[6] Defendants contend that the New Jersey Entire Controversy Doctrine requires dismissal of the complaint with prejudice. Mot. to Dismiss at 8-9. However, the doctrine only precludes successive suits involving related claims; "[i]t does not require dismissal when multiple actions involving the same or related claims are pending simultaneously." Kaselaan & D'Angelo Assocs., Inc. v. Soffian, 290 N.J. Super. 293, 299 (N.J. Super. Ct. App. Div. 1996). Because there is no judgment in the state foreclosure proceeding and the action is still pending, dismissal with prejudice would be premature at this time. See, e.g., Rycoline Prods., 109 F.3d at 887.

8